IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALAN J. KLINK,           )
                         )
    Plaintiff,            )  No. 14-1229
                         )
    v.                    )
                         )
CAROLYN W. COLVIN,
Commissioner of Social
Security,

    Defendant.


**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for supplemental social security income benefits, alleging disability due to depression and various physical impairments, some of the latter related to treatment for leukemia. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff contends that the ALJ failed to assign appropriate weight to the opinion of Dr. Jocelyn Tan, his treating specialist of approximately one and a half years. Dr. Tan diagnosed Plaintiff with chronic lymphocydic leukemia with current chemotherapy.

A treating physician's opinion should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with

2

the other substantial evidence." 20 C.F.R. § 404.1527(d)(2).  A treating physician's opinion does not receive controlling weight, however, if it is unsupported by detailed objective criteria, or is based on the claimant's reporting of his symptoms.  Wurster v. Comm'r of Soc. Sec., 2014 U.S. Dist. LEXIS 43834, at *16 (W.D. Mich. Mar. 6, 2014).  Moreover, a form report in which a physician's obligation is only to check a box or fill in a blank space is weak evidence, especially when unaccompanied by supportive findings.  Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993); Chetoka v. Colvin, 2014 U.S. Dist. LEXIS 9387, at *37 (W.D. Pa. Jan. 27, 2014).

Here, the ALJ thoroughly reviewed Dr. Tan's treatment records, and concluded that limits due to leukemia were addressed in the residual functional capacity ("RFC") of a reduced range of light work.  The ALJ then separately addressed a physical capacity evaluation form that Dr. Tan completed in September, 2012.  Apparently, the "check the box" form was filled out by Plaintiff's counsel, who indicated several exertional and postural limitations, but signed by Dr. Tan.  Setting forth the factors for assessing medical opinion, as identified in 20 CFR § 416.927(d), the ALJ found that Dr. Tan's opinion was entitled to little weight.  While the ALJ mistakenly stated that Plaintiff was not in fact undergoing chemotherapy, he proffered several additional reasons for the weight assigned.  For example, the ALJ noted that the information typed in by counsel contradicted treatment notes, which do not show debilitating symptoms; that counsel, as opposed to Dr. Tan, completed the form; that Dr. Tan provided no comment or explanation; and that the limitations were inconsistent with Plaintiff's activities of daily living.  In all, the ALJ stated that Dr. Tan's opinion was inconsistent with the record as a whole.

The ALJ adhered to appropriate standards.  He expressly indicated that he considered the factors identified in Section 416.927(d), and found the opinion clearly contradicted by contemporaneous treatment notes.  He also thoroughly set forth Dr. Tan's treatment relationship

3

with Plaintiff, discussing treatment ranging from March of 2011 to August of 2012, and thus was clearly aware of the length and nature of that relationship. While the ALJ made a factual error regarding MTX in his analysis, he did not err in his overall treatment of Dr. Tan's opinion.

Next, Plaintiff contends that the ALJ failed to deal appropriately with the opinion of Dr. Phyllis Brentzel, a non-examining psychologist. In particular, Plaintiff argues that the ALJ generally accepted Dr. Brentzel's opinions, but then rejected, without adequate explanation, her opinion regarding social and daily living limitations. Dr. Brentzel, as the ALJ noted, determined that limitations resulting from Plaintiff's impairments do not preclude him from performing the basic mental demands of competitive work on a sustained basis. The ALJ stated that he gave "some weight" to Dr. Brentzel's opinion, as it supported a finding of not disabled. I find no error in the ALJ's treatment of Dr. Brentzel's opinion.

## CONCLUSION

In sum, the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

## ORDER

AND NOW, this 5th day of May, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court